# EXHIBIT A

DOWNTOWN INJURY LAW, PLLC
BY: Steven M. Levy, Esquire
Identification #: 316780
1650 Market Street, Suite 3600
Philadelphia, PA 19103
610-244-9467
steve@downtowninjurylaw.com
*ATTORNEY FOR PLAINTIFF*

OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
Filed and Attested by the
Office of Judicial Records
06 JAN 2026 10:02 am
B. BALILONIS

ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

[ X ] Jury [ ] Non-Jury [ ] Arbitration

| | |
|---|---|
| LINDA WINTERGRASS<br>342 East Main St.<br>Bath, PA 18014<br>*Plaintiff*<br>vs.<br><br>WALMART, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>and<br>WAL-MART STORES EAST, LP<br>702 SW 8th Street<br>Bentonville, AR 72716<br>and<br>JESSICA HUNT (WALMART MANAGER)<br>3722 Easton Nazareth Hwy<br>Easton, PA 18045<br>and<br>SHERRY STROHL (WALMART MANAGER)<br>3722 Easton Nazareth Hwy<br>Easton, PA 18045<br>and<br>JOHN DOE I (Fictitious Name) and JOHN DOE II (Fictitious Name)<br>*Defendants* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>Trial Division<br><br><br>No: |

NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.** | **Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder** |

| | |
|---|---|
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>**Philadelphia Bar Association**<br>**Lawyer Referral and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **dinero o sus propiedades u otros derechos importantes para usted.**<br><br>*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*<br><br>**Asociacion De Licenciados**<br>**De Filadelfia Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

DOWNTOWN INJURY LAW, PLLC
BY: Steven M. Levy, Esquire
Identification #: 316780
1650 Market Street, Suite 3600
Philadelphia, PA 19103
610-244-9467
steve@downtowninjurylaw.com
*ATTORNEY FOR PLAINTIFF*

ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

[ X ] Jury [ ] Non-Jury [ ] Arbitration

| | |
|---|---|
| LINDA WINTERGRASS<br>342 East Main St.<br>Bath, PA 18014<br>*Plaintiff*<br>vs.<br><br>WALMART, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>and<br>WAL-MART STORES EAST, LP<br>702 SW 8th Street<br>Bentonville, AR 72716<br>and<br>JESSICA HUNT (WALMART MANAGER)<br>3722 Easton Nazareth Hwy<br>Easton, PA 18045<br>and<br>SHERRY STROHL (WALMART MANAGER)<br>3722 Easton Nazareth Hwy<br>Easton, PA 18045<br>and<br>JOHN DOE I (Fictitious Name) and JOHN DOE II (Fictitious Name)<br><br>*Defendants* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>Trial Division<br><br><br>No: |

**COMPLAINT**

1. Plaintiff, Linda Wintergrass, is an adult individual who currently resides at the address noted in the caption.

2. Defendant, Walmart, Inc., is a business entity with a business located at the address noted in the caption.

3. Defendant, Walmart, Inc., conducts regular and systematic business in Philadelphia County, including the operation, supplying, oversight, logistics, and other business-related operations on a daily basis at the numerous Walmart, Inc. stores located throughout Philadelphia County.

4. Defendant, Wal-Mart Stores East, LP, is a business entity with a registered office located at the address noted in the caption.

5. Defendant, Wal-Mart Stores East, LP, conducts regular and systematic business in Philadelphia County.

6. Defendant, Jessica Hunt (Walmart Manager), is an adult individual who is a resident of Pennsylvania and has a place of employment at the above-captioned address.

7. Defendant, Sherry Strohl (Walmart Manager), is an adult individual who is a resident of Pennsylvania and has a place of employment at the above-captioned address.

8. Defendant, John Doe I (fictitious name) is an individual, corporation, and/or other entity whose identity, after reasonable investigation, is currently unknown, but at all times relevant hereto owned, operated, controlled, and/or maintained the subject Walmart store, as further described below.

9. Defendant, John Doe II (fictitious name) is an individual, corporation, and/or other entity whose identity, after reasonable investigation, is currently unknown, but at all times relevant hereto owned, operated, controlled, and/or maintained the subject Walmart store, as further described below.

10. Upon information and belief, all Defendants regularly conduct business in Philadelphia County.

11. At all times relevant hereto, the defendants were acting through their agents, servants, and/or employees within the course and scope of their employment and the doctrine of *Respondeat Superior* is invoked herein.

12. On or about July 21, 2024, at approximately 2:20 pm plaintiff, Linda Wintergrass, was a business invitee at the Walmart store located at 3722 Nazareth Rd, Easton, PA 18045, commonly referred to as the "Easton Supercenter" Walmart or "Walmart Supercenter #2252".

13. The aforementioned Walmart store, located at 3722 Nazareth Rd, Easton, PA 18045, was owned, operated, leased, maintained, managed, supervised, possessed and/or controlled by defendants, Walmart, Inc. and/or Wal-Mart Stores East, LP and/or Jessica Hunt (Walmart Manager) and/or Sherry Strohl (Walmart Manager), and/or John Doe I and/or John Doe II.

14. At all times material hereto, Defendants, Jessica Hunt (Walmart Manager) and/or Sherry Strohl

(Walmart Manager), were the manager(s) for the subject Walmart store responsible for supervising and maintaining the facility on the premises.

15. At all times relevant hereto, Defendants Jessica Hunt and Sherry Strohl were acting individually and not merely in a supervisory capacity, and each had direct responsibility and authority over the inspection, maintenance, condition, and safety of the floors and walking surfaces within the subject Walmart store, including authority to implement safety procedures, assign employees to monitor floor conditions, and require placement of warning devices.

16. At all times relevant hereto, Defendants Jessica Hunt and Sherry Strohl were physically present at the subject Walmart store on the date of Plaintiff's incident and were responsible for ensuring that routine inspections of the premises were conducted in accordance with Walmart's policies and procedures and applicable safety standards.

17. At all times relevant hereto, Defendants Jessica Hunt and Sherry Strohl knew or should have known of the existence of a wet and slippery condition on the floor in the area where Plaintiff fell, as said condition existed for a sufficient length of time prior to the incident and was discoverable through the exercise of reasonable care, inspection, and supervision.

18. Despite having actual and/or constructive notice of the dangerous condition, Defendants Jessica Hunt and Sherry Strohl failed to take reasonable and appropriate corrective action, including but not limited to directing employees to clean or dry the floor, restricting access to the affected area, or placing adequate warning signage to alert customers of the hazard.

19. At all times relevant hereto, Defendants Jessica Hunt and Sherry Strohl were responsible for the training, supervision, and direction of Walmart employees tasked with monitoring and maintaining floor safety, and they failed to properly train, supervise, and enforce compliance with Walmart's inspection and spill-response procedures, thereby allowing the hazardous condition to remain uncorrected.

20. The acts and omissions of Defendants Jessica Hunt and Sherry Strohl constituted personal participation in the creation, maintenance, and continuation of the dangerous condition, and were a direct and proximate cause of Plaintiff's injuries and damages.

21. Upon information and belief, the wet and slippery condition on the floor was of the type that regularly occurs within the subject Walmart store, including as a result of routine store operations, customer traffic, and/or employee activities, and Defendants Jessica Hunt and Sherry Strohl were aware of such recurring conditions and the need for heightened monitoring and prompt remediation.

22. At all times material hereto, all Defendants were charged with the duty to make the premises safe.

23. On or about July 21, 2024, at approximately 2:20 pm plaintiff, Linda Wintergrass, was a customer shopping within the aforesaid Walmart store when she was caused to slip and fall on a wet and slippery floor.

24. At all times relevant hereto, Defendants knew or should have known of the wet and slippery condition on the floor in the area where Plaintiff fell, as the condition existed for a sufficient length of time prior to the incident such that it should have been discovered and remedied through the exercise of reasonable care, routine inspection, and proper supervision of the premises.

25. Upon information and belief, the hazardous condition was created by or attributable to Defendants' employees and/or store operations, including but not limited to cleaning activities, stocking activities, customer traffic, and/or water tracked or deposited as a foreseeable result of routine Walmart business operations.

26. Defendants failed to conduct reasonable and timely inspections of the subject area, failed to identify and correct the dangerous condition, and failed to document or respond to the condition in accordance with their own safety policies and procedures.

27. Upon information and belief, Defendants' mode of operation at the subject Walmart store—including high-volume customer traffic, self-service retail layout, stocking and restocking practices, cleaning procedures, and the use of water in ordinary store operations—regularly creates wet and slippery floor conditions in customer walkways.

28. Defendants were aware, or should have been aware, that such conditions frequently and foreseeably occur within the store and therefore required heightened inspection, monitoring, and immediate

remediation, which Defendants failed to implement on the date of Plaintiff's incident.

29. The dangerous condition that caused Plaintiff's fall was not isolated or unexpected, but rather was a foreseeable result of Defendants' chosen operational practices, rendering Defendants responsible for anticipating, detecting, and correcting the hazard prior to Plaintiff's injury.

30. At all times relevant hereto, Defendants had exclusive possession, custody, and control of evidence related to Plaintiff's incident, including but not limited to surveillance video, inspection and cleaning logs, incident reports, photographs, employee schedules, training records, and internal communications.

31. Such evidence was created and maintained in the ordinary course of Defendants' business, and Defendants knew or should have known that said evidence would be material and relevant to foreseeable litigation arising from Plaintiff's fall.

32. Defendants had a duty to preserve all evidence relating to the condition of the premises, inspection practices, employee conduct, and the incident itself, and any failure to preserve, alteration, destruction, or loss of such evidence warrants the imposition of appropriate sanctions, including adverse inference, as permitted by law.

33. Defendants' conduct, as alleged herein, constituted reckless indifference to the safety of business invitees, including Plaintiff, in that Defendants knowingly permitted a dangerous condition to exist on the premises despite the foreseeable risk of serious injury to customers.

34. Upon information and belief, Defendants were aware of prior similar incidents, complaints, or hazardous conditions involving wet and slippery floors at the subject Walmart store and failed to take reasonable corrective action to prevent recurrence.

35. Defendants' failure to implement and enforce reasonable safety measures, inspection protocols, and corrective actions demonstrated a conscious disregard for the rights and safety of customers, thereby entitling Plaintiff to seek punitive damages as permitted by law.

36. As a direct and proximate result of the negligence of the Defendants, singularly, jointly and/or severally, the Plaintiff has suffered severe and permanent injuries to her body, which include, but are not limited to, her left shoulder, neck, and knees, including a full-thickness tear of her left rotator cuff requiring surgical

repair and resulting in permanent scars and disfigurement. The Plaintiff suffered internal injuries of an unknown nature, she suffered severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries, the full extent of which are not yet known.

37. As a direct and proximate result of Defendants' negligence and reckless conduct, Plaintiff has sustained and will continue to sustain past and future medical expenses, including surgical care, rehabilitation, and follow-up treatment; permanent physical impairment and loss of bodily function; scarring and disfigurement; loss of life's pleasures and enjoyment of normal activities; loss of household services; past and future pain and suffering; mental anguish and emotional distress; loss of earnings and diminished earning capacity; and other economic and non-economic damages, all of which are permanent or expected to continue indefinitely.

38. The Plaintiff sustained an aggravation and/or exacerbation of injuries both known and unknown. She has in the past and will in the future undergo severe pain and is unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

39. As a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

40. As a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff has been prevented from attending to her usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

41. As a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

42. As a direct and proximate result of aforesaid negligence of the Defendants, the plaintiff has suffered loss of wages and earning capacity.

**COUNT I**

**<u>Plaintiff, Linda Wintergrass v. Walmart, Inc.</u>**

43. Plaintiff, Linda Wintergrass, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

44. The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendants, Walmart, Inc., by and through their agents, subsidiaries, servants, workmen and/or employees and consisted of the following:

a. causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which Defendants, knew or should have known, caused an unreasonable risk of harm to licensees and/or business invitees;
b. failing to warn and/or adequately warn individuals and customers of said dangerous, defective and hazardous condition on the premises;
c. failing to properly and adequately maintain the premises so as to prevent the dangerous and hazardous condition to exist;
d. failing to protect the safety of business invitees and/or customers as it relates to the above acts of negligence;
e. causing, allowing and/or permitting a wet and slippery surface on the premises, so as to constitute a menace, danger, nuisance and trap to customers and/or business invitees on the subject premises;
f. failing to dry the floor;
g. failing to warn the Plaintiff of the wet floor;
h. failing to protect the safety of the Plaintiff as it relates to the above acts of negligence in violation of their own internal guidelines and procedures;
i. failing to properly train their employees to inspect, monitor, clean and/or dry the floors;
j. failing to have adequate policies in place to inspect, monitor, clean and/or dry the floors; and,
k. failing to properly perform its common law and ordinance duties as it relates to the above acts of negligence.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant, Walmart, Inc., jointly and severally, including compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), punitive damages, pre- and post-judgment interest, costs, and such other relief as this Honorable Court deems just and proper.

**COUNT II**
**Plaintiff, Linda Wintergrass v. Defendant, Wal-Mart Stores East, LP**

45. Plaintiff, Linda Wintergrass, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

46. The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant, Wal-Mart Stores East, LP, by and through their agents, servants, workmen and/or employees and consisted of the following:

a. causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which Defendants, knew or should have known, caused an unreasonable risk of harm to licensees and/or business invitees;

b. failing to warn and/or adequately warn individuals and customers of said dangerous, defective and hazardous condition on the premises;

c. failing to properly and adequately maintain the premises so as to prevent the dangerous and hazardous condition to exist;

d. failing to protect the safety of business invitees and/or customers as it relates to the above acts of negligence;

e. causing, allowing and/or permitting a wet and slippery surface on the premises, so as to constitute a menace, danger, nuisance and trap to customers and/or business invitees on the subject premises;

f. failing to dry the floor;

g. failing to warn the Plaintiff of the wet floor;

h. failing to protect the safety of the Plaintiff as it relates to the above acts of negligence in violation of their own internal guidelines and procedures;

i. failing to properly train their employees to inspect, monitor, clean and/or dry the floors;

j. failing to have adequate policies in place to inspect, monitor, clean and/or dry the floors; and,

k. failing to properly perform its common law and ordinance duties as it relates to the above acts of negligence.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant, Wal-Mart Stores East, LP, jointly and severally, including compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), punitive damages, pre- and post-judgment interest, costs, and such other relief as this Honorable Court deems just and proper.

**COUNT III**
**Plaintiff, Linda Wintergrass v. Defendant, Jessica Hunt (Walmart Manager)**

47. Plaintiff, Linda Wintergrass, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

48. The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant, Jessica Hunt, by and through their agents, servants, workmen and/or employees and consisted of the following:

a. causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which Defendants, knew or should have known, caused an unreasonable risk of harm to licensees and/or business invitees;

b. failing to warn and/or adequately warn individuals and customers of said dangerous, defective and hazardous condition on the premises;

c. failing to properly and adequately maintain the premises so as to prevent the dangerous and hazardous condition to exist;

d. failing to protect the safety of business invitees and/or customers as it relates to the above acts of negligence;

e. causing, allowing and/or permitting a wet and slippery surface on the premises, so as to constitute a menace, danger, nuisance and trap to customers and/or business invitees on the subject premises;

f. failing to dry the floor;

g. failing to warn the Plaintiff of the wet floor;

h. failing to protect the safety of the Plaintiff as it relates to the above acts of negligence in violation of their own internal guidelines and procedures;

i. failing to properly train their employees to inspect, monitor, clean and/or dry the floors;

j. failing to have adequate policies in place to inspect, monitor, clean and/or dry the floors; and,

k. failing to properly perform its common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Linda Wintergrass, demands judgment in her favor against Defendant Jessica Hunt (Walmart Manager), in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus pre and post judgment interest, and all other relief allowed by law.

**COUNT IV**
**Plaintiff, Linda Wintergrass v. Defendant, Sherry Strohl (Walmart Manager)**

49. Plaintiff, Linda Wintergrass, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

50. The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant, Sherry Strohl, by and through their agents, servants, workmen and/or employees and consisted of the following:

a. causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which Defendants, knew or should have known, caused an unreasonable risk of harm to licensees and/or business invitees;

b. failing to warn and/or adequately warn individuals and customers of said dangerous, defective and hazardous condition on the premises;

c. failing to properly and adequately maintain the premises so as to prevent the dangerous and hazardous condition to exist;

d. failing to protect the safety of business invitees and/or customers as it relates to the above acts of negligence;

e. causing, allowing and/or permitting a wet and slippery surface on the premises, so as to constitute a menace, danger, nuisance and trap to customers and/or business invitees on the subject premises;

f. failing to dry the floor;

g. failing to warn the Plaintiff of the wet floor;

h. failing to protect the safety of the Plaintiff as it relates to the above acts of negligence in violation of their own internal guidelines and procedures;

i. failing to properly train their employees to inspect, monitor, clean and/or dry the floors;

j. failing to have adequate policies in place to inspect, monitor, clean and/or dry the floors; and,

k. failing to properly perform its common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Linda Wintergrass, demands judgment in her favor against Defendant Sherry Strohl (Walmart Manager), in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus pre and post judgment interest, and all other relief allowed by law.

**COUNT V**
**Plaintiff, Linda Wintergrass v. Defendants, John Doe I and John Doe II (fictitious names)**

51. Plaintiff, Linda Wintergrass, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

52. The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendants, John Doe I and John Doe II (fictitious names), by and through its agents, servants, workmen and/or employees and consisted of the following:

a. causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which Defendants, knew or should have known, caused an unreasonable risk of harm to licensees and/or business invitees;

b. failing to warn and/or adequately warn individuals and customers of said dangerous, defective and

hazardous condition on the premises;

c. failing to properly and adequately maintain the premises so as to prevent the dangerous and hazardous condition to exist;

d. failing to protect the safety of business invitees and/or customers as it relates to the above acts of negligence;

e. causing, allowing and/or permitting a wet and slippery surface on the premises, so as to constitute a menace, danger, nuisance and trap to customers and/or business invitees on the subject premises;

f. failing to dry the floor;

g. failing to warn the Plaintiff of the wet floor;

h. failing to protect the safety of the Plaintiff as it relates to the above acts of negligence in violation of their own internal guidelines and procedures;

i. failing to properly train their employees to inspect, monitor, clean and/or dry the floors;

j. failing to have adequate policies in place to inspect, monitor, clean and/or dry the floors; and,

k. failing to properly perform its common law and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Linda Wintergrass, demands judgment in her favor against Defendants, John Doe I and John Doe II (fictitious names), in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus pre and post judgment interest, and all other relief allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, John Doe I and John Doe II (fictitious names), jointly and severally, including compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), punitive damages, pre- and post-judgment interest, costs, and such other relief as this Honorable Court deems just and proper.

DOWNTOWN INJURY LAW, PLLC



Case ID: 260100345

Date: 12/30/2025 BY: ______________________________

Steven M. Levy, Esquire
*Attorney for Plaintiff*

**VERIFICATION**

I, Linda Wintergrass, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Signature: Linda Wintergrass (Dec 30, 2025 13:11:54 EST)

Name: Linda Wintergrass

Date: 30/12/2025